UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREAT AMERICAN LIFE INSURANCE
COMPANY,

        Plaintiff,

-vs-                                  Case No. 5:05-cv-155-Oc-10GRJ

HAZEL B. VANLANDINGHAM, et al.,

        Defendant.
_____/

## **O R D E R**

This statutory interpleader action is before the Court for consideration of Great American's Agreed Motion for Discharge and For Attorneys' Fees (Doc. 40). Great American requests entry of an Order holding that interpleader is appropriate; allowing Great American to deposit the policy proceeds at issue into the registry of the Court; discharging Great American from the action and relieving it of further liability; enjoining the Defendants from prosecuting any other claims related to the policies against Great American; requiring the Defendants to interplead; and awarding Great American reasonable attorneys' fees and costs.

On July 22, 2005, the Court directed Great American to deposit the policy proceeds at issue into the registry of the Court so that the Court would have jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 (Doc. 41). Great American complied with the Court's Order and deposited the policy proceeds into the Court's registry on July 29,

2005.  Great American has also filed an affidavit in support of its request for attorney's fees and costs (Doc. 42).  The Defendants were given ten (10) days to file any objections to the amount of attorney fees and costs requested by Great American, none of which have been filed.

Pursuant to 28 U.S.C. § 1335, district courts have jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the Plaintiff's possession is valued at $500 or more; (2) "two of more adverse claimants, of diverse citizenship" have claims or potential claims for the money or property in controversy; and (3) the Plaintiff deposited the money or property into the registry of the Court or gave a bond payable to the Clerk in the amount of such money or property.  Great American has satisfied all of the requirements for statutory interpleader.  The amount in controversy is almost $73,000, there is adversity and diversity of citizenship between two or more of the claimants,[1] and Great American has deposited the policy proceeds into the registry of the Court.[2]

---

[1] Diversity exists because two of the Defendants are residents of Florida, while the remaining Defendants are residents of Georgia, Michigan, Washington, D.C., and New York.
    The Defendants interests are adverse because multiple Defendants have claimed an interest in the policy proceeds, some of whom are no longer policy beneficiaries due to the policy holder's most recent changes to her policy designations.  In addition, the policy holder's mental capacity was questioned in a state court suit, thus creating doubt as to who should receive the policy proceeds.  See Doc. 1, Complaint, Exhibits A-O.

[2] On July 29, 2005, registry funds were received from Great American Life Insurance Company for policy numbers 05028521 and 06101382 in the amount of $ 8,507.28 and $64,400.87.

The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund.[3]  Accordingly, the interpleader statutes and rules are "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."[4]  The Court concludes that an interpleader action is appropriate in this case because Great American has shown that it is an innocent stakeholder with no interest in the outcome of this action, and there is a legitimate dispute between multiple claimants as to who should receive the policy proceeds.

In addition to requesting discharge, Great American also requests $13,701.00 in attorneys' fees and $1,642.82 in costs.  Great American's affidavit in support of its request for attorneys' fees and costs represents that counsel and paralegals for Great American expended 71 hours on this litigation.[5]  Additionally, Great American represents that it has incurred $1,642.82 in costs, which it attributes to filing fees, process services, copies, "court online searches," mailing and telephone costs.

---

[3]   See, e.g., Matter of Bohart, 743 F.2d 313, 324 (5th Cir. 1984).

[4]   Id. at 325 (internal quotation and citation omitted).

[5]   The affidavit represents that 69 total hours were spent on the litigation, however this appears to be an arithmetic error.  According to the affidavit, attorneys for Great American spent 33.6 hours on the case, while paralegals spent 37.4 hours on the case, for a total of 71 hours.  The rates charged by the attorneys vary from $200.00 per hour to $375.00 per hour, while the rate charged by the paralegals was $155.00 per hour.

It is well settled that district courts have the authority to award reasonable attorneys' fees and costs in interpleader actions.[6] Since Great American has provided sufficient documentation to support the amount of attorneys' fees and costs that it requests,[7] and since the Defendants have no objection to the amount of fees and costs, the Court concludes that Great American is entitled to recover from the fund the sum of $13,701.00 in attorneys' fees and $1,642.82 in costs.

Accordingly, upon due consideration, it is order that:

(1) Great American Life Insurance Company's Agreed Motion for Discharge and For Attorneys' Fees (Doc. 40) is GRANTED;

(2) the Defendants are required to interplead and resolve their respective rights and competing claims with respect to the insurance policies at issue in this case;

(3) the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, are enjoined from instituting any action or actions against Great American Life Insurance Company in any other court arising out of or relating to any claim or claims either may have with respect to the fund;

---

[6] Corrigan Dispatch Co. V. Casa Guzman, S.A., 696 F.2d 359, 364 (5th Cir. 1983) (citing James Talcott, Inc. V. Allahabad Bank, Ltd., 444 F.2d 451, 467-68 (5th Cir. 1971)); Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976) ("as a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder").

[7] Great American has filed an affidavit in support of its request for fees and costs, as well as invoices from Great American's attorneys from January 2005 to July 2005 which detail the hours spent on the case and the expenses incurred. See Docs. 42, 43.

(4) Great American Life Insurance Company is discharged of and from any further liability to the Defendants, or either of them, with respect to the obligation represented by the fund.

(5) Great American Life Insurance Company is awarded $13,701.00 in attorneys' fees and $1,642.82 in costs; and

(6) the Clerk is directed to remit to Great American Life Insurance Company's counsel the sum of $15,343.82 and withhold entry of judgment pending resolution of this case as a whole.[8]

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 2nd day of September, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             *Pro Se* Parties

---

[8] This amount reflects Great American's recoverable attorney's fees and costs.